UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA K. SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>DETROIT HOUSING COMMISSION,<br><br>    Defendant. | Case No. 22-10269<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ADOPTING REPORT AND RECOMMENDATION [39] AND OVERRULING PLAINTIFF'S OBJECTIONS [41]**

Brenda Sanders filed this pro se action against the Detroit Housing Commission in February 2022, seeking immediate placement in DHC housing. (ECF No. 1.) She alleges that DHC failed to prioritize her based on her age, disability, homelessness, and her history of being subjected to gender-based violence in violation of Department of Housing and Urban Development regulations, the Fair Housing Act, and the Violence Against Women Act. (ECF No. 13, PageID.41–47.) Sanders also alleges that DHC discriminated against her in violation of Michigan's Elliott-Larsen Civil Rights Act and that it breached an oral contract with her. (*Id.*)

After the Court granted Sanders in-forma-pauperis status, the case was referred to Magistrate Judge Elizabeth A. Stafford. (ECF Nos. 5, 20.) Following multiple motions for emergency relief, Magistrate Judge Stafford recommended that this case be dismissed sua sponte for failure to state a claim for relief. (ECF Nos. 12,

27, 39.) Sanders objected, and DHC responded to those objections. (ECF Nos. 41 (amended objections), 42.)

The Court finds that Sanders' objections are without merit and overrules them. The report and recommendation is thus adopted in full.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

Magistrate Judge Stafford dismissed Sanders' complaint for failure to state a claim to relief pursuant to 28 U.S.C. § 1915(e). (*See generally* ECF No. 39.) Section 1915(e) permits a court to dismiss an in-forma-pauperis case "at any time" if it determines that the action fails to state a claim on which relief may be granted.

In deciding whether a complaint states a claim, a court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring a court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). In other words, the "basic pleading requirements apply to self-represented and counseled plaintiffs alike." *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (internal quotation marks omitted).

As the report and recommendation carefully explained, each of Sanders' claims failed to meet this standard. (*See* ECF No. 39.) And none of the eight objections Sanders now raises change that conclusion. (*See generally* ECF No. 41.)

For starters, the first two objections rely on *Conley v. Gibson*, 355 U.S. 41, (1957) to suggest that Sanders' complaint is sufficient. But the Supreme Court "raised the bar for pleading requirements beyond the old 'no-set-of-facts' standard of *Conley*[.]" *See Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 629 (6th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). So *Conley* is no longer the standard for motions to

3

dismiss and is not relevant. Sanders also failed to point to any allegations in her complaint that satisfied the now-operative standard set forth in *Iqbal*. Instead, she only made conclusory allegations that her complaint is sufficient. (*See, e.g.*, ECF No. 41, PageID.265 ("Plaintiff's Complaint is sufficient on its face[.]").) So these objections are overruled.

Sanders' third objection—that DHC "should not be able to profit from [her] homelessness"—is improper. (ECF No. 41, PageID.266.) As explained, Sanders has a "duty to pinpoint those portions of the magistrate [judge's] report that the district court must specially consider." *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). This objection neither references any claims in the complaint nor any portion of the report. Moreover, it is not clear how DHC could profit from Sanders' homelessness, or how that fact would entitle her to relief. So this objection is overruled.

Sanders next makes two objections suggesting that she has evidence to support her claims that the magistrate judge has not considered. Specifically, her fourth and fifth objections allege that she can provide an audio recording and an email to show that DHC staff promised to house her. (ECF No. 41, PageID.266–267.) This objection is misplaced. Sanders' complaint already contained allegations that DHC staff promised to place her in housing. (ECF No. 36, PageID.199.) And the magistrate judge considered those allegations, assumed that they were true, and still found that Sanders had failed to state a claim because the promises were too vague and indefinite to form an oral contract. (ECF No. 39, PageID.259.) Sanders does not

4

suggest that this new evidence shows that the DHC staff members' promises were specific enough to form an oral contract. In other words, this evidence does not resolve the legal deficiencies with Sanders' claim. So these objections will also be overruled.

And Sanders' final three objections are "frivolous, conclusory or general." *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Specifically, Sanders' sixth objection makes the following one-sentence objection: DHC "must comply with the applicable State of Michigan housing preferences for waiting lists as the regulations mandate." (ECF No. 41, PageID.267.) True, but as the report and recommendation noted, the Michigan regulation that Sanders' complaint cited was repealed. (ECF No. 39, PageID.247, n.1.) And the final two objections are also conclusory and general. The seventh objection says that the report is "technical and procedural and not substantive[.]" (ECF No. 41, PageID.268.) But again, even assuming that were true, that tells the Court nothing about why the report was mistaken or how Sanders has stated a claim. And the final objection relates to the magistrate judge's refusal to permit Sanders to file another amended complaint. But this, too, does not save any of Sanders' claims because the magistrate judge considered her proposed amended complaint and still found that it failed to state a claim. (ECF No. 39, PageID.248 ("The Court agrees with DHC that the [second amended complaint] was improperly filed, But since Sanders is a pro se litigant . . . the Court views [it] holistically as a proposed amended complaint. But even construed as such, the SAC fails to advance a plausible claim.").) And Sanders makes no suggestion that she could state a claim

5

if permitted to file a third amended complaint. So each of these objections will be overruled.

### III.

The Court shares the magistrate judge's sympathy for Sanders' unfortunate circumstances. But it also agrees with the magistrate judge's conclusion that Sanders has not stated a claim for relief. So the Court OVERRULES Sanders' objections to the report and recommendation (ECF No. 41) and ADOPTS it in full (ECF No. 39).

Accordingly, Sanders' motion for emergency injunction relief (ECF No. 27) and DHC's motion to strike the second amended complaint (ECF No. 37) are DENIED as moot. A separate judgment will follow.

SO ORDERED.

Dated: December 15, 2022

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE